# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SHERMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>ORTIZ-DIAZ,<br><br>  Defendant. | Case No. 1:23-cv-00289-NODJ-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Introduction

Plaintiff Stanley Sherman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Ortiz-Diaz for failure to protect in violation of the Eighth Amendment.

On June 20, 2023, Defendant filed a motion to dismiss on the ground that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), together with a Request for Judicial Notice. (ECF Nos. 11, 12.) Following an extension of time, Plaintiff filed an opposition on August 10, 2023. (ECF No. 18.) Defendant filed a reply and further request for judicial notice on August 22, 2023. (ECF Nos. 19, 20.) Plaintiff filed a sur-reply on September 11, 2023. (ECF No. 21.) The motion is deemed submitted. Local Rule 230(l).

## II. Plaintiff's Sur-reply

Generally, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file sur-replies with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes–Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either

1

1   permit or preclude a sur-reply.  *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195,
2   1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable
3   surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district
4   court did not abuse discretion in denying leave to file sur-reply where it did not consider new
5   evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply
6   may not be considered without giving the non-movant an opportunity to respond).  In this Circuit,
7   courts are required to afford *pro se* litigants additional leniency.  *E.g., Wilhelm v. Rotman*, 680
8   F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v.
9   Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th
10  Cir. 2010).
11      Here, Plaintiff did not seek leave of Court before filing his sur-reply.  However, in light of
12  Defendant's apparent non-opposition and Plaintiff's *pro se* status, the Court will exercise its
13  discretion to not strike the evidence.  The Court will consider the evidence presented.
14  **III.    Legal Standard on Motion to Dismiss**
15      Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for
16  "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In
17  considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court
18  must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89
19  (2007), and construe the pleading in the light most favorable to the plaintiff.  *Jenkins v.
20  McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir.
21  1999).  In ruling on the motion, the court "may generally consider only allegations contained in
22  the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."
23  *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and
24  quotation marks omitted).  The court may also consider documents incorporated by reference into
25  the complaint.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).
26      In general, *pro se* pleadings are held to a less stringent standard than those drafted by
27  lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court has an obligation to construe
28  such pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

1  However, a court's liberal interpretation of a pro se complaint may not supply essential elements
2  of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th
3  Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or "a
4  formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*,
5  550 U.S. 544, 555–57 (2007).

**IV.     Plaintiff's Allegations**

Plaintiff is currently housed at Ironwood State Prison in Blythe, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at North Kern State Prison ("NKSP") in Delano, California. Plaintiff names Correctional Officer A. Ortiz-Diaz as the sole defendant, sued in his individual capacity.

Plaintiff alleges as follows:

At NKSP on Facility D, the housing units are divided between SNY inmates (inmates in protective custody) and inmates that are active gang members. It is common knowledge to inmates and custody staff that the active gang inmates will immediately assault SNY inmates if they are allowed within an area with access to inmates housed in protective custody.

To deal with the threat of violence from active gang members against SNY inmates, the dayroom is made available on a rotation program where times is made available to SNY inmates to use the telephones and showers, and at other times the dayroom is made available to active gang members for similar use. SNY inmates and active gang members are never allowed out of their cells at the same time to share the dayroom, showers, and telephones.

Plaintiff is an SNY inmate that has been housed in protective custody since he arrived at CDCR from the county jail system. On June 16, 2022, Defendant Correctional Officer A. Ortiz-Diaz was working in the observation booth which as sole control of the electric door openers for every cell within that housing unit, unit D. At approximately 1848 hours on that date, Defendant Ortiz-Diaz opened the door to Plaintiff's cell and then to two other cells where other SNY inmates were housed. Within two to three minutes after Defendant Ortiz-Diaz opened Plaintiff's cell door, he then proceeded to open three more cell doors to cells that housed active gang members. The active gang members immediately rushed at the SNY inmates, attacking them

1  physically and assaulting them. Plaintiff was attacked by two active gang members.

2        The department structured program for opening cell doors is organized so that only three cell doors are opened, allowing the inmates from those three cells to utilize the dayroom at a time. Then those three cells are returned to their cells, and once their doors are locked, another three cells are opened so those inmates can utilize the dayroom. Only three cells are opened at a time. Staff does not open more than three cells for dayroom use at one time. Thus, for Defendant Ortiz-Diaz to have opened three cells, including Plaintiff's, and then moments later to have opened three more cells containing active gang members, demonstrates that it was done intentionally for the purpose of allowing the active gang members to assault the SNY inmates, including Plaintiff.

11       Plaintiff requests monetary damages.

12 **V.   Defendant's Requests for Judicial Notice**

13       Defendant requests that the Court take judicial notice of CDCR Rules Violation Report ("RVR") Log No. 7196284 and the Disciplinary Hearing Results, CDCR Determinate Sentence Worksheets for Plaintiff dated April 6, 2023 and August 8, 2023, and Abstracts of Judgment from Plaintiff's underlying convictions showing his total sentence calculations. (ECF Nos. 12, 20.) Plaintiff did not respond to Defendant's first request for judicial notice and stated that he had no objections to the second request. (ECF No. 21.)

19       Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

23       Defendant's requests for judicial notice are granted. With respect to the Abstracts of Judgment, the Court may take judicial notice of state court records. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); *Kasey v. Molybdenum Corp. of Amer.*, 336 F.2d 560, 563 (9th Cir. 1964). However, on a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v.*

4

*City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999).

As to the remaining exhibits, the Court may take judicial notice of public information and state agency records. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d. 1016, 1024 (N.D. Cal. 2014); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d. 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records). The Court clarifies that as to the factual findings included in the RVR and Disciplinary Hearing Results, the Court takes judicial notice only as to the existence and contents of those factual findings, and expresses no opinion as to the truth of the facts asserted therein.

## VI. Defendant's Motion to Dismiss

### A. Defendant's Arguments

According to the judicially-noticed records, as a result of the June 16, 2022 incident, Plaintiff was issued RVR Log No. 7196284 for fighting. (ECF No. 12, pp. 4–15.) According to the RVR, Plaintiff and inmates Solorzano and Noyola were returning to their assigned cells after completing their phone calls when inmate Ortiz was released from his cell to receive his phone call. (*Id.* at 8.) Suddenly, Plaintiff, Solorzano, and Noyola ran from their cells towards Ortiz. Non-party Correctional Officer Gallegos ordered Plaintiff, Solorzano, and Noyola to get down, but they continued running towards Ortiz. Plaintiff and Solorzano began punching Ortiz in the fact. Officer Gallegos again ordered the inmates to get down, and the inmates got into the prone position on the floor. As non-party responding officers approached, Plaintiff and Noyola got up from the prone position. The officers ordered them to get down numerous times, but they refused to get down and advanced towards Ortiz with clenched fists. Officers then pepper sprayed Plaintiff and Noyola, causing both inmates to get down into the prone position and ending the incident. (*Id.* at 5, 8.) At the disciplinary hearing on July 7, 2022, Plaintiff pled guilty to the charge against him. (*Id.* at 11.) Plaintiff was sentenced to 61 days of credit loss. (*Id.* at 12.) The guilty finding was not overturned and the credits were not restored.

Defendant argues that Plaintiff was found guilty of fighting as the aggressor against inmate Ortiz in the June 16, 2022 incident, his disciplinary conviction and his failure to protect

5

claims arise from the same facts, and the two versions of events are inconsistent with one another. If Plaintiff prevails on his claim that Defendant opened inmate Ortiz's cell with deliberate indifference to the fact that Ortiz would—and did—attack Plaintiff, that would invalidate the result of the disciplinary hearing, which was based on the finding that Plaintiff instigated the fight by running up to Ortiz and striking him. Prevailing on his claim would imply Plaintiff was wrongly assessed the 61-day loss of credit, and as such, the claim is barred by *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997), and the complaint should be dismissed without leave to amend.

### B. Plaintiff's Opposition

Plaintiff argues in opposition that his case is distinguishable from *Heck* and *Balisok* because he is not challenging the validity of the guilty finding for fighting or the facts alleged in the RVR. Rather, he alleges that Defendant opened the doors to the cells containing active gang members for the purpose of seeing them fight with SNY inmates. Plaintiff further contends that the RVR did not result in the permanent loss of good time credits and therefore did not affect the length of his sentence.

In addition, Plaintiff argues that his case more closely resembles *Muhammad v. Close*, 540 U.S. 749 (2004), where the plaintiff brought a section 1983 action against a prison official who charged him with threatening behavior in retaliation for prior lawsuits and grievances filed against the official. That plaintiff did not challenge his conviction for insolence or seek expungement of the misconduct finding, but requested only damages for the physical, mental, and emotional distress caused by the six days of prehearing special detention mandated by the charge of threatening behavior. As there was no loss of good time credits in *Muhammad*, and Plaintiff's lost good time credits were completely restored, the guilty finding had no impact on Plaintiff's sentence and he is more similarly situated to the plaintiff in *Muhammad* than to the plaintiffs in *Heck* or *Balisok*.

### C. Defendant's Reply

Defendant argues that the favorable termination rule applies even if Plaintiff is not seeking to overturn his guilty finding, and, as proven by the judicially-noticed documents, Plaintiff's lost credits were not restored. Plaintiff's guilty finding for being the aggressor in the fight is

1  "fundamentally inconsistent" with his allegations that Defendant opened Ortiz's cell door with
2  deliberate indifference to the fact that Ortiz would—and did—attack Plaintiff.  *See Beets v. Cty.*
3  *of Los Angeles*, 669 F.3d 1038, 1046 (9th Cir. 2012).

### D. Plaintiff's Sur-reply

Plaintiff states that he believed his credits had been restored for the RVR in question, but he miscalculated.  Nevertheless, Plaintiff argues that Defendant's violation of CDCR policy—by opening the doors to cells for active gang members while Plaintiff and other SNY inmates were still in the dayroom—placed Plaintiff in a position where he felt he had to fight.  Plaintiff further contends that Defendant's actions were part of a pattern of behavior by Defendant and part of the culture of NKSP to stage "gladiator" fights between rival gang members for the amusement of correctional officers.

## VII. Discussion

### A. Plaintiff's Claim is Barred by the Favorable Termination Rule

As a general matter, prisoners may not challenge the fact or duration of their confinement in a § 1983 action.  *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005).  Often referred to as the favorable termination rule or *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81 (italics in original); *see Heck v. Humphrey,* 512 U.S. 477, 481–82, 487 (1994).  Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 481–82.  Therefore, Plaintiff's RVR conviction and loss of credits will bar his § 1983 claim if prevailing on that claim "would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence[.]" *Beets v. Cty. of L.A.*, 669 F.3d 1038, 1042 (9th Cir. 2012) (internal punctuation omitted).  The doctrine does not prohibit a civil rights claim if the claim does not necessarily implicate the underlying disciplinary action. *See*

1     *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004).

2          Plaintiff argues that Defendant failed to protect him by knowingly placing Plaintiff in a situation that created a substantial risk of injury, by releasing active gang members from their cells into the dayroom while Plaintiff and other SNY inmates were already in the dayroom. (ECF No. 1, pp. 4–5.) For the first time in his opposition and sur-reply, Plaintiff also argues that Defendant's actions "placed plaintiff in a position where he felt he had to fight," and "had the defendant not opened the doors while the SNY inmates were still in the dayroom, plaintiff would have never had to engage in the fight." (ECF No. 21, p. 2.) While Plaintiff asserts that he is not attempting to challenge the RVR he then received for fighting due to this incident, (ECF No. 18, p. 2; ECF No. 21, p. 1), he also fails to acknowledge that the complaint contradicts the RVR's factual findings, alleging instead that it was Plaintiff who was attacked by active gang members. (ECF No. 1, p. 5.)

     The remaining question is whether Plaintiff's claim—as alleged in the complaint—would necessarily imply the invalidity of the disciplinary proceeding. "[A] plaintiff's claims are barred when they depend or rely on a theory that calls into question whether he committed the offense for which he was convicted." *Hodge v. Gonzales*, Case No. 1:15-cv-01618-AWI-BAM (PC), 2017 WL 931829, at *5 (E.D. Cal. Mar. 9, 2017); *see also Farley v. Virga*, Case No. 2:11-cv-1830 KJM KJN P, 2013 WL 3992392, at *6 (E.D. Cal. Aug. 1, 2013) ("[P]laintiff cannot demonstrate that prison officials were deliberately indifferent to a substantial risk of harm if plaintiff initiated the harm." ); *Garces v. Degadeo*, Case No. 1:06-cv-1038-JAT, 2010 WL 796831, at *1 (E.D. Cal. Mar. 5, 2010) (failure to protect claims barred because plaintiff's claim that defendants failed to protect him from his cellmate contradicted his rules violation conviction for mutual combat with that same cellmate).

     To succeed on his claim, Plaintiff must show that Defendant knew of and disregarded a substantial risk of serious harm to Plaintiff and the other SNY inmates by releasing active gang members into the dayroom at the same time, and that their conduct caused Plaintiff's injuries. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). Success on this claim, however, would necessarily call into question the RVR

8

determination that Plaintiff was the aggressor in the fight with inmate Ortiz—a finding to which Plaintiff pled guilty and which he states he is not contesting in this action.

### B. Futility of Amendment

For the reasons stated, Plaintiff's claim, as alleged in the complaint and compared with the factual findings in the RVR determination, is barred by *Heck v. Humphrey*.

"Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citations and internal quotation marks and brackets omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation and internal quotation marks omitted)).

The Court has determined that Plaintiff's claim is barred by *Heck v. Humphrey*. In light of the stark difference between the allegations in the complaint (that Plaintiff was the victim of an attack by active gang members released into dayroom) and the RVR's factual findings (that Plaintiff and inmate Solorzano were the aggressors in an attack on inmate Ortiz), the leave to amend will be denied because any amendment to cure deficiencies would be in bad faith.

Even assuming that Plaintiff could, in good faith, file an amended complaint that pleads facts consistent with the RVR's factual findings such that the claim would not be barred by *Heck*, those facts would not state a cognizable claim. Plaintiff does not contest the RVR or its factual findings, and the RVR finds that Plaintiff was the aggressor in the fight with inmate Ortiz. On those facts, Plaintiff did not suffer either an actual injury or a threat of future harm as a result of Defendant's actions. *See Farley v. Virga*, Case No. 2:11-cv-1830 KJM KJN P, 2013 WL 3992392, at *6 (E.D. Cal. Aug. 1, 2013) ("[P]laintiff cannot demonstrate that prison officials were deliberately indifferent to a substantial risk of harm if plaintiff initiated the harm."); *Halet v.*

9

*Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir. 1982) (plaintiff does not have standing to assert any claim against a prison official for failing to protect other prisoners from himself). As there is no indication that Plaintiff can plead any additional facts to cure these defects, it would be futile to grant Plaintiff leave to amend. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

**VIII.   Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, (ECF No. 11), be GRANTED; and
2. This action be dismissed, with prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), without leave to amend.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 24, 2024**          /s/ Barbara A. McAuliffe          
                                       UNITED STATES MAGISTRATE JUDGE

10